UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY M. JUNEK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6817** |
| **DARREL VANNOY, WARDEN** | **SECTION: "B"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Timothy M. Junek, is a state prisoner incarcerated at the Dixon Correctional Institute in Jackson, Louisiana. On November 15, 2011, he was convicted of sexual battery under Louisiana law.[1] On December 22, 2011, he was sentenced to a term of twenty-five years imprisonment without benefit of probation, parole, or suspension of sentence.[2] On December 21, 2012, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3] He did not seek further direct review.[4]

---

[1] State Rec., Vol. 2 of 5, transcript of November 15, 2011, p. 383; State Rec., Vol. 1 of 5, minute entry dated November 15, 2011; State Rec., Vol. 1 of 5, jury verdict form.
[2] State Rec., Vol. 2 of 5, transcript of December 22, 2011; State Rec., Vol. 1 of 5, minute entry dated December 22, 2011.
[3] State v. Junek, No. 2012 KA 0865, 2012 WL 6681854 (La. App. 1st Cir. Dec. 21, 2011); State Rec., Vol. 2 of 5.
[4] Rec. Doc. 3, pp. 2 and 8.

On February 21, 2014, petitioner filed an application for post-conviction relief with the state district court.[5]  That application was denied on April 23, 2014.[6]  His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on August 29, 2014,[7] and by the Louisiana Supreme Court on September 11, 2015.[8]

On December 3, 2015, petitioner filed the instant federal application for habeas corpus relief.[9]  The state has filed a response arguing that the application is untimely.[10]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[11]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section*

---

[5] State Rec., Vol. 5 of 5.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to this application, this Court will simply use the signature date as the filing date, in that the application was obviously placed in the mail no earlier than the date it was signed.
[6] State Rec., Vol. 4 of 5, Judgment and Reasons for Judgment dated April 23, 2014.
[7] State v. Junek, No. 2014 KW 0731 (La. App. 1st Cir. Aug. 29, 2014); State Rec., Vol. 4 of 5.
[8] State ex rel. Junek v. State, 176 So.3d 1034 (La. 2015); State Rec., Vol. 5 of 5.
[9] Rec. Doc. 3.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that he placed his federal application in the prison mailing system on December 3, 2015.  Rec. Doc. 3, p. 7.
[10] Rec. Doc. 10.
[11] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> *2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).*
>
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

As noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence on December 21, 2012. Therefore, his state criminal judgment became final for AEDPA purposes on January 22, 2013, when his period expired for seeking further direct review by filing a writ application with the Louisiana Supreme Court.[12] The AEDPA one-year limitations period then expired on January 22, 2014, unless that deadline was extended by tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period. Therefore, he clearly is not entitled to statutory tolling.[13]

---

[12] As noted in Butler, a litigant normally has thirty days to seek review of a decision of a Louisiana Court of Appeal. Louisiana Supreme Court Rule X, § 5(a). However, here, the thirtieth day here fell on a Sunday, and the following day was a holiday (Dr. Martin Luther King Day); therefore, petitioner's period for seeking review was extended through Tuesday, January 22, 2013. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[13] Although petitioner filed a state post-conviction application on February 21, 2014, an application filed *after* the expiration of the federal statute of limitations has no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler, 533 F.3d at 318.

3

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here, petitioner does not invoke McQuiggin and, in any event, he has not made a colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies,

his federal application for habeas corpus relief had to be filed no later than January 22, 2014, in order to be timely. His federal application was not filed until December 3, 2015, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal habeas corpus petition filed by Timothy M. Junek be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this twenty-first day of March, 2016.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.